IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.: 1:12-cr-46-MW-GRJ

KENNETH CHRISTIAN

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 209. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, the Court concludes that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

On April 9, 2014 Defendant was convicted after a jury trial of one count of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d), one count of use of a firearm in furtherance of a  crime of violence in

violation of 18 U.S.C. § 924(c)(1)(A)(ii) and one count of possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 924(g)(1). ECF No.

146.  Defendant was sentenced to a term of 262 months imprisonment as

to count 1, 84 months imprisonment as to count 2, and 120 months

imprisonment as to count 3. ECF No. 173. The sentences imposed in

counts 1 and 2 were consecutive to one another and the sentence

imposed in count 3 was concurrent with the sentences in counts 1 and 2.

Defendant appealed on August 20, 2014. ECF No. 175. The Eleventh

Circuit affirmed on June 17, 2015. ECF No. 192 and the mandate issued

on July 16, 2015. ECF No. 193.

On March 23, 2016, Defendant filed a motion entitled Motion for

Newly Discovered Evidence. ECF No. 201.  On March 25, 2016, the Court

entered an order denying the motion. ECF No. 203. In the order denying

Defendant's motion the Court expressly advised Petitioner that he was

required to file a §2255 motion because he was collaterally attacking his

conviction. The Court specifically advised Petitioner in the Order "Mr.

Christian is warned that § 2255 contains a one-year time limit for filing

motions under that section." *Id.,* p. 2. Defendant did not file his Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody until April 24, 2017.[1]

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the

filing of motions under this section. The one-year period of time runs from

the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion
created by governmental action in violation of the Constitution
or laws of the United States is removed, if the petitioner was
prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized
by the Supreme Court, if that right has been newly recognized
by the Supreme Court and made retroactively applicable to
cases on collateral review; or
(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

28 U.S.C. § 2255.  Defendant's sentence was affirmed on appeal on June

17, 2015. Defendant did not file a petition for certiorari with the United

States Supreme Court, and as such his judgment of conviction became

---

[1]A pro se inmate's pleading is deemed filed at the time it is placed in the prison
mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266
(1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed
it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557
F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's
court filing is deemed filed on the date it is delivered to prison authorities for mailing);
Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to
the contrary, court assumes that a pro se petition is delivered to prison authorities for
mailing the date it was signed).

final on the date on which his time for filing such a petition expired (i.e.,

ninety days after the entry of the court of appeals' judgment.)[2]  Clay v.

United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282

F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419

(11th Cir. 2011).  Because Defendant's judgment of conviction became

final on September 15, 2015, to have been timely filed, his § 2255 motion

had to be filed no later than September 15, 2016.  His motion, dated April

24, 2017, is thus facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his

motion is time barred.  Jones v. United States, 304 F.3d 1035, 1038 (11th

Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir.

2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely

because of "extraordinary circumstances that are both beyond [the

defendant's] control and unavoidable even with diligence."  Johnson v.

United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't

of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States,

177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant

---

[2] The issuance of the mandate, on June 16, 2015 (*ECF No. 193*), has no bearing on when the time expires for filing a petition for certiorari.  Clay v. United States, 537 U.S. 522, 525 (2008).

seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).

In this case Defendant cannot make a plausible argument that he is entitled to equitable tolling. Even assuming there were events that transpired that could support an equitable tolling argument, the Defendant was expressly advised by the Court on March 25, 2016, that a one-year statute of limitations applies to petitions under § 2255. And in that order the Court directed the clerk to send Defendant the form for filing his § 2255 petition. Defendant waited more than one year from then to file his petition

and thus there is no credible argument that Defendant should be entitled to equitable tolling. Simply put, there is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling.  Thus, his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this

recommendation by either party, that party may bring this argument to the

attention of the district judge in the objections permitted to this report and

recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 209,

should be summarily **DENIED and DISMISSED** as untimely.

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 1ˢᵗ  day of May 2017.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and
recommendations must be filed within fourteen days after being
served a copy thereof.  Any different deadline that may appear on the
electronic docket is for the court's internal use only, and does not
control.  A copy of objections shall be served upon all other parties.
Failure to object may limit the scope of appellate review of factual
findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698,
701 (11th Cir. 1988).**