IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                  Case No.: 1:12cr46/MW/GRJ

KENNETH CHRISTIAN,

    Petitioner.
_____

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner's Motion Under 28 U.S.C. § 2255(a) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 217. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Because the petition is identical to the previous petition Petitioner filed and Petitioner has not obtained permission from the Eleventh Circuit to file a successive petition, Petitioner's motion should be dismissed summarily because the Court does not have jurisdiction to entertain Petitioner's motion.

## DISCUSSION

On April 28, 2017, Petitioner filed an identical § 2255 petition. ECF No. 209. Petitioner's motion was denied on May 31, 2017, because it was time barred. The Court also denied a certificate of appealability. ECF Nos. 211, 215.

In the instant motion, Petitioner seeks the same relief, which was denied in the first petition. The petition is time barred just like the first petition and constitutes a second or successive application for § 2255 relief. Before a petitioner may file a second § 2255 petition in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x. 409 (11th Cir. 2010). Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the

Case Nos.: 1:09cr30/MW/GRJ; 1:16cv248/MW/GRJ

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255(a) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 217, should be **SUMMARILY DISMISSED** as the court lacks jurisdiction to consider the motion.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of December, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 1:09cr30/MW/GRJ; 1:16cv248/MW/GRJ